LLEMMON, Justice,
concurring.
In this two-vehicle accident case, the driver and two passengers in one vehicle sought damages for personal injuries. During discovery, defendants allegedly learned that the damage alleged by plaintiffs to their vehicle was greater than the damage observed and photographed at the scene of the accident. Fearful that the additional damage, which was not a result of the accident, would create the impression of a more severe accident, defendants accordingly amended their answer to allege that the accident did not occur in the manner alleged by plaintiffs and that plaintiffs were guilty of fraud.
After jury selection, plaintiffs moved to strike the fraud defense, contending that fraud was not pleaded with particularity as required by La.Code Civ. Proc. art. 856. The trial judge granted the motion, finding that the allegations of fraud were insufficient. *245 The judge prohibited defendants from using the word “fraud” before the jury, but stated he would allow evidence that all of the vehicle damage was not caused by the accident.
During the presentation of the evidence on the merits, the judge' granted plaintiffs’ motion for mistrial based on unrelated grounds.
Defendants unsuccessfully sought review of the various rulings in the lower courts, but limited their application in this court to the ruling on the motion toj^strike.
Defendants’ contention that a substantial amount of the damage to plaintiffs’ vehicle was caused subsequent to the accident will involve introduction of evidence relevant to the issues in this case. Arguably, no additional pleadings were required to support introduction of this evidence. Nevertheless, regardless of whether introduction of evidence that plaintiffs intentionally caused this additional damage or concealed the fact of subsequent causation would require an allegation of fraud that generally must be alleged with particularity, all parties are well aware of the contention and such evidence will not present a surprise at trial. The case has to be retried, and defendants can further amend their answer to articulate their defense more fully without delaying the second trial.